UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DECK, individually and on behalf of others similarly situated,<br><br>                                             Plaintiff,<br><br>v.<br><br>MIRAMAR FEDERAL CREDIT UNION, FLIGHTDECK FINANCIAL SERVICES, and DOES 1-10, inclusive,<br><br>                                             Defendants. | Civil No.   10-cv-2340-BEN (POR)<br><br>**ORDER SCHEDULING MANDATORY SETTLEMENT CONFERENCE** |

On May 23, 2011, the Court held a Mandatory Settlement Conference. Appearing were: Plaintiff Nicholas Deck; Mark Golovach, Esq., counsel for Plaintiff; Coleen Deziel, Esq., counsel for Defendants; Max Paul, Defendants' representative; and Darilyn David, Defendants' adjuster. The case did not settle. Based thereon and good cause appearing, IT IS HEREBY ORDERED that a Mandatory Settlement Conference shall be held on **October 14, 2011** at **10:00 a.m.** in the chambers of the Honorable Louisa S Porter.

Counsel shall exchange supplemental settlement statements and lodge them <u>directly</u> with the chambers of Judge Porter on or before **October 7, 2011**. In addition, counsel may lodge confidential settlement statements, if any, directly with Judge Porter's chambers. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements **shall**

1 **not** be filed with the Clerk of the Court.  The settlement statements may be lodged with chambers
2 via e-mail to: efile_Porter@casd.uscourts.gov.

3 All parties and claims adjusters for insured defendants and representatives <u>with complete
4 authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the
5 litigation, shall be present and legally and factually prepared to discuss and resolve the case at the
6 settlement conference. Corporate counsel and/or retained outside corporate counsel **shall not** appear
7 on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.
8 The parties must be legally and factually prepared to discuss and resolve the case at the mandatory
9 settlement conference.  All conference discussions will be informal, off the record, privileged and
10 confidential.

11 Mandatory settlement conferences shall not be rescheduled without a showing of good cause
12 and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
13 the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will
14 not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the
15 Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

16 **IT IS SO ORDERED.**

17 DATED:  May 24, 2011

18
19 _____
LOUISA S PORTER
United States Magistrate Judge

20 cc: The Honorable Roger T. Benitez
All parties

---

[1] "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486.  A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).